UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

| CHARLENE VAZQUEZ, individually and on behalf of all others similarly situated, | |
|---|---|
| Plaintiffs, | 22-CV-6215 (JPO) |
| -v- | OPINION AND ORDER |
| WALMART, INC., | |
| Defendant. | |

J. PAUL OETKEN, District Judge:

  Plaintiff Charlene Vazquez, a Bronx resident, brings suit against Defendant Walmart, Inc. on behalf of herself and a putative class of other plaintiffs who purchased Walmart's Oats & Honey Crunchy Granola Bars. Vazquez asserts that Walmart violated Sections 349 and 350 of New York's General Business Law and other states' consumer fraud statutes because, contrary to representations on the packaging, the product contains a de minimis amount of honey. Vazquez also brings related claims of breach of express and implied warranties, fraud, and unjust enrichment.

  Walmart now moves to dismiss Vazquez's action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is granted.

**I. Background**

  **A. Factual Background**

  The following facts, drawn from the complaint (ECF No. 1 ("Compl.")), are presumed true for the purposes of resolving Walmart's motion to dismiss.

  Plaintiff Charlene Vazquez purchased Walmart's Oats & Honey Crunchy Granola Bars (the "Product") on one or more occasions during the fall of 2021 and winter of 2022 at a

Walmart in New York. (*Id.* ¶ 68.) Vazquez alleges that the packaging on the Product misled her to believe that the Product would "contain a non-de minimis amount of honey, is primarily sweetened with honey and contains limited ingredients based on the references to only oats and honey." (*Id.* ¶ 3; *see also id.* ¶¶ 69-70.) Portions of the Product's packaging are reproduced below.



(*Id.* ¶ 1 (front packaging); *id.* ¶ 25 (back packaging).)

Walmart sells the Product for $1.99 for six packages, with each package containing two bars. (*Id.* ¶ 41.) Vazquez contends that, as a result of the alleged misrepresentations, Walmart sold a higher quantity of the Product and at a higher price than it otherwise would have absent

2

those misrepresentations. (*Id.* ¶ 39.) Vazquez further alleges that she would not have bought the Product or would have paid less for it had she known the truth about its contents. (*Id.* ¶ 40.)

B.   **Procedural History**

Vazquez initiated this action by filing a complaint on July 21, 2022. (ECF No. 1.) On November 21, 2022, Walmart filed a motion to dismiss for failure to state a claim. (ECF No. 6.) On December 6, 2022, Vazquez filed an opposition to Walmart's motion to dismiss. (ECF No. 8.) On December 12, 2022, Walmart filed a reply in support of its motion to dismiss. (ECF No. 11.)

II.   **Legal Standards**

A plaintiff facing a motion to dismiss under Rule 12(b)(6) must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In resolving a motion to dismiss, a court "accept[s] the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiff's favor." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014). Nevertheless, complaints "must be supported by factual allegations" and courts may identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Plaintiff also asserts that Walmart defrauded her. Under Rule 9(b)'s heightened pleading requirements for fraud claims, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 108 (2d Cir. 2012) (internal quotation marks and citation omitted).

**III.    Discussion**

Vazquez's core allegation is that the words "oats" and "honey" on the Product's packaging, along with the accompanying images, mislead consumers to believe that the Product contains two key ingredients, and that one of them—honey—is the primary sweetener.  Vazquez asserts a range of claims against Walmart, but every claim shares a common premise: that Walmart deceived consumers.  Because the Court concludes that "there is no material misrepresentation" in the Product's packaging, "none of Plaintiff's causes of action can survive this Motion."  *Bynum v. Fam. Dollar Stores, Inc.*, 592 F. Supp. 3d 304, 309 (S.D.N.Y. 2022).  The Court first concludes that Vazquez's claims under New York's General Business Law fail because her allegations do not support a claim of material misrepresentation, before concluding that Vazquez's other claims similarly fail.

Vazquez's action is one of several class actions brought in recent years contending that packaging on well-known food products is deceptive.  *Id.* at 309 & n.1 (collecting cases).  The Court's decision is consistent with the outcomes in many of those actions.  *Id.* at 309.  As with those cases, the complaint here attempts, but fails, "to draw highly specific inferences regarding the source or predominance of a particular flavor or ingredient identified on a label."  *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 95 (S.D.N.Y. 2021) (collecting cases).

**A.    New York General Business Law**

Sections 349 and 350 of the General Business Law (GBL) prohibit deceptive business practices and false advertising.  To state a claim under those provisions, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (internal quotation marks and citation omitted).  Walmart disputes only the second prong, contending that the Product's packaging is

4

not materially misleading. The Court agrees. Vazquez's allegations do not support a reasonable inference that the Product contains more than a de minimis amount of honey, that the Product is predominantly sweetened with honey, or that oats and honey are the two primary ingredients.

Whether packaging is materially misleading depends on whether a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (summary order) (internal quotation marks and citation omitted). To meet this standard, "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 237 (S.D.N.Y. 2021) (internal quotation marks and citation omitted). The reasonable consumer analysis focuses on the precise representations made on the packaging, and the context and specificity of representations on the packaging are relevant to the inquiry. *See Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018); *Axon v. Fla.'s Nat. Growers*, 813 F. App'x 701, 705 (2d Cir. 2020) (summary order). It is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam).

Contrary to Vazquez's claim, a reasonable consumer would not expect that the Product consists of "only oats and honey or a limited number of ingredients beyond these two." (Compl. ¶ 114.) In "certain circumstances," the "use of other ingredients in addition to the ingredient identified on a product's label does not make the label deceptive." *Yu v. Dreyer's Grand Ice Cream, Inc.*, 592 F. Supp. 3d 146, 158 (S.D.N.Y. 2022). Put another way, identifying the presence of oats and honey does not imply the absence of other ingredients. The dictionary definition of "granola bar" is instructive on this point. *See, e.g.*, *Cooper*, 553 F. Supp. 3d at 96

(relying on dictionary definitions to evaluate a claim of deceptive packaging).  A granola bar is "a bar made of a mixture of oats and other ingredients (such as brown sugar, raisins, coconut, or nuts) that is eaten as a snack."  *Granola Bar*, Merriam-Webster Online, https://www.merriam-webster.com/dictionary/granola%20bar (last visited Oct. 11, 2023).  Reasonable consumers expect a variety of ingredients in granola bars.

Instead of understanding the label's reference to "honey" as a representation that honey is the primary ingredient, a reasonable consumer would likely understand the packaging's reference to "honey" as a reference to the Product's flavor.  Vazquez claims that the Product communicates to reasonable consumers that honey appears in certain, non-negligible amounts, but such specific inferences are not reasonable.  *See, e.g.*, *Cooper*, 553 F. Supp. 3d at 95.  The packaging "does not use language such as 'made with pure honey,' 'sweetened with pure honey,' 'no added sugars,' or anything similar," the absence of which undermines the inference that honey is a predominant ingredient or sweetener.  *Warren v. Stop & Shop Supermarket, LLC*, 592 F. Supp. 3d 268, 279-80 (S.D.N.Y. 2022).  "[W]hen assessing the Product's packaging as a whole, the label's use of the word 'honey' by itself merely represents that the Product is honey flavored, not that honey is an ingredient . . . ."  *Id.* at 279.  Furthermore, the adjective "sweet," modifying "honey," does not transform "honey" into a highly specific ingredient representation, as the term "sweet" could similarly "be interpreted by a reasonable consumer to indicate the flavoring" of the Product.  *Bynum*, 592 F. Supp. 3d at 311 (finding that the descriptor "smoked" in "smoked almonds" could indicate the "flavoring of the nuts").  Thus, absent an objective representation about its presence or absence, the terms "honey" and "sweet honey," standing alone, do not amount to representations about the amount of honey in the product.

Rather than communicating that honey will be a non-de minimis ingredient, the term "Oats & Honey" helps consumers differentiate among varieties of granola bars (chocolate, peanut butter, or berry, for example) as they peruse grocery store aisles. *See Steele v. Wegmans Food Markets, Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020). For that common-sense reason, "a reasonable consumer" might associate the representation of honey—"with no additional language modifiers—to refer to a flavor" and not to mean that honey is one of only two ingredients. *Cosgrove v. Blue Diamond Growers*, No. 19-CV-8993, 2020 WL 7211218, at *3 (S.D.N.Y. Dec. 7, 2020). As a result, since "[t]he Product makes no additional representations about how . . . the flavor is achieved," the "representation would be misleading only if the Product did not actually taste like" honey. *Id.* (in the context of almond milk described as "vanilla almond milk"). Thus, it is unlikely that the packaging would mislead a significant portion of consumers to believe that honey is the predominant ingredient, rather than simply a flavor or one of multiple ingredients.

Vazquez also contends that the Product's packaging deceptively suggests that the product's sweetness will be achieved with honey when sugar is actually the primary sweetener. (ECF No. 8 at 2; Compl. ¶ 4.). Walmart, however, may include the word "honey" on the Product's packaging and derive the Product's sweet flavor from ingredients that are not honey without being deceptive. *See Oldrey v. Nestlé Waters N. Am., Inc.*, No. 21-CV-03885, 2022 WL 2971991, at *3 (S.D.N.Y. July 27, 2022). It is well established in this Circuit that a product may make flavor representations on its label but achieve that flavor through other ingredients. *See, e.g., Warren*, 592 F. Supp. 3d at 277 (collecting cases); *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 577 (S.D.N.Y. 2021); *see Oldrey*, 2022 WL 2971991, at *3. "[I]n assessing the Product's packaging as a whole . . . a reasonable consumer 'would have recognized that the

[Product] might be sweetened with some honey, but also with other sweeteners." *Warren*, 592 F. Supp. 3d at 279-80 (internal quotation marks and citation omitted). Indeed, the Product does contain some honey, supporting its identification on the label. *Sarr v. BEF Foods, Inc.*, No. 18-CV-6409, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020).

Moreover, even if a label's use of "honey" might sometimes imply the use of honey as an ingredient and not a flavor, here, the rest of the label provides clarification. Without any language modifiers, "there is nothing in the word" honey that would "itself . . . lead a reasonable consumer to understand a product's flavor to be derived mostly or exclusively from" real honey. *Myers v. Wakefern Food Corp.*, No. 20-CV-8470, 2022 WL 603000, at *3 (S.D.N.Y. Mar. 1, 2022). This means that "'the only unambiguous representation of the amount of honey relative to other sweeteners'" is the ingredient list. *Warren*, 592 F. Supp. 3d at 279 (citing *Lima v. Post Consumer Brands, LLC*, No. 18-CV-12100, 2019 WL 3802885, at *7 (D. Mass. Aug. 13, 2019)). Thus, the ingredient list confirms, rather than contradicts, the label. *See Mantikas*, 910 F.3d at 637.

Beyond written representations on the packaging, the visual context of those written representations is also relevant to the inquiry. *See id.* at 636. Here, the visuals on the packaging belie the suggestion that honey is the predominant ingredient and primary sweetener. On the right of the Product's box, curly font reads, "crunchy oats sweet honey," a representation about the experience of eating the product, namely, that it has a crunchy texture and sweet flavor. *See, e.g.*, *Brown v. Kerry Inc.*, No. 20-CV-9730, 2022 WL 669880, at *4-5, *7 (S.D.N.Y. Mar. 7, 2022) (concluding that "slightly sweet" is not an ingredient representation). Furthermore, contrary to Vazquez's assertion, the image of a honeycomb on the packaging does not convert "honey" into an ingredient claim. *See Myers*, 2022 WL 603000, at *3; *Cruz v. D.F. Stauffer*

8

*Biscuit Co., Inc.* No. 20-CV-2402, 2022 WL 4592616, at *1, *5 (S.D.N.Y. Sept. 29, 2022). To be sure, the left side of the box makes an ingredient representation, "made with whole grains." *See, e.g.*, *Mantikas*, 910 F.3d at 638-39. But noticeably absent are any claims about the product being made with honey. (*See* Compl. ¶ 1).

The design of the lettering confirms the conclusion that honey is a reference to flavor, as a package's visual emphasis can indicate what consumers should reasonably expect from the product. *See Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 279 (S.D.N.Y. 2021). Here, the packaging visually deemphasizes "honey," as the phrase "Oats & Honey" appears in smaller, paler font than the most prominent word, "Crunchy," further attenuating the inference that honey is a primary ingredient. *See Warren*, 592 F. Supp. 3d at 279 (explaining that because a label "depicts the word 'honey' in a smaller white font . . . immediately below the words 'Graham Crackers' in a larger blue font," a "reasonable consumer would associate the 'honey' label with the Product's flavor and not as a particular ingredient, much less the predominant one"). The lesser role of the term "honey" in the Product's packaging distinguishes this case from *Campbell v. Whole Foods Market Group, Inc.*, 516 F. Supp. 3d 370, 382 (S.D.N.Y. 2021), on which Vazquez relies. In *Campbell*, the packaging of the product, honey graham crackers, emphasized and equated "honey" and "graham" in large and bright font, supporting the inference that honey was the primary sweetener and that graham flour was used. *Id.* at 377-78. Walmart's packaging, in contrast, graphically subordinates "honey" and emphasizes "crunchy." (Compl. ¶ 1.)

While courts generally do not expect consumers to "look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print," *Mantikas*, 910 F.3d at 637 (internal quotation marks and citation omitted), "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of

9

deception," *Fink*, 714 F.3d at 742.  Thus, even if the front label suggests that honey is an ingredient, the remainder of the packaging makes apparent that while honey is indeed an ingredient, it is not the primary ingredient.  Honey is the fifth listed ingredient, and the list specifies that the Product "contains less than 2% honey." (Compl. ¶ 25.)  In other words, the "ingredient list contains more detailed information about the product that *confirms* other representations on the packaging." *Mantikas*, 910 F.3d at 637 (emphasis in original) (internal quotation marks and citation omitted).  Ultimately, even if the packaging left room for some consumers to believe that honey is a predominant ingredient of the Product, "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight." *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 94 (S.D.N.Y. 2021) (internal quotation marks and citation omitted).

  Plaintiff finally alleges that the Product unfairly exploits consumer preferences for honey as a healthy alternative to sugar. (ECF No. 8 at 4-5; Compl. ¶¶ 5-23.)  But "the Product's packaging makes no claims about health, nutrition, or satiety." *Yu*, 592 F. Supp. 3d at 161-62 (internal quotation marks and citation omitted).  Because Walmart makes no overtures, implicit or explicit, to honey's health benefits, it does not capitalize on honey as an attractive sugar alternative. (*See* Compl. ¶ 1.)  That the packaging does not tout honey's health benefits further confirms that the packaging uses the term "honey" to convey a honey flavor, not the health profile of the product.

  In sum, with the package's visual clues taken together, the Product does not deceive a reasonable consumer into believing they are buying a product where honey is a non-de minimis ingredient or a primary sweetener.  As a result, Vazquez's claims under Sections 349 and 350 of the GBL fail.

### B. Remaining Claims

Because Vazquez's claims under Sections 349 and 350 of the GBL fail, the remainder of her claims—claims under other states' consumer fraud statutes, breach of express and implied warranty, fraud, and unjust enrichment—also fail, as they all require proof that the product labeling, taken as a whole, is deceptive. Because the Court has already determined that the Product's labeling is unlikely to deceive or mislead a reasonable consumer, these causes of actions are also dismissed.

#### 1. Fraud

To state a claim of fraud under New York law, Plaintiff must allege "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). A claim of fraud must also be alleged with the particularity required by Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402-03 (2d Cir. 2015). Rule 9(b) permits a plaintiff to allege scienter generally, but the Second Circuit has "repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent." *United States ex rel. Tessler v. City of New York*, 712 F. App'x 27, 29 (2d Cir. 2017) (summary order) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991)).

Vazquez fails to allege fraud for two reasons. First, fraud requires "a misrepresentation or a material omission of fact which was false." *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016) (internal quotation marks and citation omitted). As discussed above, Walmart made no such misrepresentation. Second, Vazquez's assertion that Walmart's "fraudulent intent is evinced by its knowledge that the Product was not consistent with its

11

representations" is not adequate to establish Walmart had the requisite state of mind for fraud. (Compl. ¶ 119.) "[T]he simple knowledge that a statement is false is not sufficient to establish fraudulent intent, nor is a defendant[']s[] generalized motive to satisfy consumers' desires [or] increase sales and profits." *Warren*, 592 F. Supp. 3d at 287 (internal quotation marks and citation omitted).

### 2. State Claims

Vazquez asserts claims based on a number of other states' consumer fraud statutes and represents that the members of the class "reserve their rights" to assert their claims under those statutes. (Compl. ¶¶ 81, 94-98.) Here, too, Vazquez fails to state a claim. First, Vazquez never identifies the "Consumer Fraud Acts" that she alleges Defendant violated, nor does she explain how Defendant allegedly did so. "Without providing factual contentions or the grounds upon which she bases her alleged entitlement to relief, Plaintiff has made it 'impossible for [D]efendant to assess what she ultimately hopes to prove." *Brownell v. Starbucks Coffee Co.*, No. 22-CV-1199, 2023 WL 4489494, at *6 (N.D.N.Y. July 12, 2023) (internal quotation marks and citation omitted). Plaintiff's claim therefore "falls short of satisfying Rule 8's pleading requirements." *Id*. Second, Vazquez lacks standing to bring these claims. "[B]ecause all of Plaintiff's claims under New York law fail as a matter of law, she cannot bring claims for products she did not purchase in different states." *Warren v. Coca-Cola Co.*, No. 22-CV-6907, 2023 WL 3055196, at *8 & n.10 (S.D.N.Y. Apr. 21, 2023) (citing *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 94 (2d Cir. 2018)). Vazquez's Consumer Fraud Multi-State Claims are therefore dismissed.

### 3. Breach of Express Warranty

A breach of express warranty claim must allege (1) a material statement amounting to a warranty; (2) the buyer's reliance on this warranty as a basis for the contract with the immediate

12

seller; (3) breach of this warranty; and (4) injury to the buyer caused by the breach. *Oregon Chai*, 520 F. Supp. 3d at 585. Additionally, under New York law, "a buyer must provide the seller with timely notice of the alleged breach of warranty." *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013).

Here, Plaintiff fails to allege that the granola bars "do not comport with the statements on their packaging, and thus have failed to allege a breach of any warranty." *Oregon Chai*, 520 F. Supp. 3d at 585. Vazquez also fails the notice requirement, even though she claims that her complaint itself provides notice. (Compl. ¶ 110). "The weight of authority in this Circuit does not view a complaint to be by itself sufficient reasonable notice." *Barton*, 535 F. Supp. 3d at 246. Vazquez also asserts that she "provided or will provide notice" (Compl. ¶ 109), but such an unsubstantiated claim does not satisfy the timely notice requirement, *Oregon Chai*, 520 F. Supp. 3d at 585 n.11.

### 4. Breach of Implied Warranty

Vazquez's implied warranty claim fares no better. Under the New York Uniform Commercial Code, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.Y. U.C.C. § 2-314(1). In this context, breach of implied warranty claims require plaintiffs to demonstrate that the food "was unfit for the ordinary purpose of such goods, namely, human consumption," or that "the product does not conform to any promises or affirmations of fact made on the label." *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021). "A warranty of merchantability, however, does not mean that the product will fulfill a buyer's every expectation but rather simply provides for a minimum level of quality." *Campbell*, 516 F. Supp. 3d at 392 n.14 (internal quotation marks and citation omitted).

Vazquez asserts that the Product was not merchantable or "fit to pass in the trade" because, contrary to her expectations, there was a minimal amount of honey in the Product. (Compl. ¶ 113.)  But Vazquez has made no allegation that the granola bars are not fit for human consumption.  And "[t]o the extent the Complaint alleges that the product does not conform to any promises or affirmations of fact made on the label, [Vazquez's] claims fail[] for the same reasons as [her] express warranty claims." *Barreto*, 518 F. Supp. 3d at 807.  Moreover, like express warranty claims, implied warranty claims also require notice, and Vazquez again fails to meet that requirement for the same reasons as in the express warranty context. *Bynum*, 592 F. Supp. 3d at 315; *Campbell*, 516 F. Supp. 3d at 392.

### 5. Magnuson Moss Warranty Act

The Magnuson Moss Warranty Act grants relief to a consumer who is damaged by the warrantor's failure to comply with any obligation under a written warranty. *Wilbur v. Toyota Motor Sales, U.S.A., Inc.*, 86 F.3d 23, 26 (2d Cir. 1996) (citing 15 U.S.C. § 2310(d)(1)).  To state a claim under the Act, plaintiffs must adequately plead a cause of action for breach of express or implied warranty under state law. *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015).  Because Vazquez's breach of warranty claims fail, so do her claims under the Magnuson Moss Warranty Act.

### 6. Unjust Enrichment

Finally, Vazquez's unjust enrichment claim also fails.  To succeed on such a claim, a plaintiff must prove that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (internal quotation marks and citation omitted).  If the marketing practice was not deceptive, a plaintiff's unjust enrichment claim fails as well. *See Axon*, 813 F. App'x at 706.  "[T]he unjust

enrichment claim here fails for the same reasons that [the plaintiff's] other claims do—namely, that she has not alleged a fraud that would render [the defendant's] enrichment 'unjust' . . . ." *Id.*

### IV.   Conclusion

For the foregoing reasons, Walmart's motion to dismiss for failure to state a claim is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 6 and to close the case.

SO ORDERED.

Dated:  November 29, 2023
         New York, New York

_____
J. PAUL OETKEN
United States District Judge